IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GREGORY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-1126-D |
| | ) | |
| STANDARD INSURANCE COMPANY, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **O R D E R**

Two motions are currently pending before the Court: 1) Plaintiff's Motion for Summary Judgment Against Standard Insurance Company on His Second Claim for Relief [Doc. No. 37]; and 2) Defendant Standard Insurance Company's Motion to Strike Documents Outside the Administrative Record, or in the Alternative, for Leave to Respond to Defendant Carlisle Corporation's Response to Plaintiff's Motion for Summary Judgment [Doc. No. 44]. A ruling on the second motion may determine whether briefing of the first motion is complete, so the second motion will be taken up as a preliminary matter. The first motion will be addressed by a separate order, but a brief discussion of it is necessary to provide factual context for the issues presented by the second motion.

Plaintiff Gregory Smith brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a), to recover life insurance benefits allegedly due upon the death of his wife, Cheryl Smith. Mrs. Smith was an employee and participant in an ERISA plan of Defendant Carlisle Corporation ("Carlisle") funded by a

group life insurance policy of Defendant Standard Insurance Company ("Standard"). The case is proceeding under a specialized Scheduling Order that provides for an initial adjudication of Plaintiff's claim that an "Incontestability Clause" of the life insurance policy applies and "renders Plaintiff's [benefits] claim incontestable for any reason other than non-payment of premiums." *See* Pet. [Doc. No. 1-2], ¶ 39; *see also* Sched. Order [Doc. No. 34]. This claim is one of two alternative theories denominated in Plaintiff's pleading as "breach of contract" claims, by which Plaintiff seeks to recover benefits under the terms of the ERISA plan. *See* Pet. [Doc. No. 1-2] ¶¶ 4, 33-37, 38-40. It is referred to by the parties as the "Incontestability Claim" and, by agreement, has been "bifurcated" for a "Phase One" determination as potentially dispositive of the case. *See* Sched. Order [Doc. No. 34] at 1.

As the initial step provided by the Scheduling Order, Standard filed the ERISA administrative record [Doc. No. 36] compiled during the administrative claim and appeal process. No party challenged the accuracy or completeness of the administrative record, and Plaintiff proceeded to file a summary judgment motion regarding the Incontestability Claim. This is the first motion listed *supra* (hereafter "Plaintiff's Motion"). Plaintiff presents a narrow issue for decision based solely on his interpretation of the Incontestability Clause and the undisputed fact that Mrs. Smith paid all premiums due for more than two years after the effective date of coverage. Under Plaintiff's view, disputes that exist among the parties regarding whether Mrs. Smith was required to provide a medical history statement, known as "evidence of insurability" or "EOI," to obtain coverage; why there

was no EOI for Mrs. Smith in Standard's claim file; and who is responsible for, or bears the consequence of, its absence, are all immaterial to the issue presented for decision. *See* Pl.'s Mot. Summ. J. [Doc. No. 37] at 1. Plaintiff relies solely on the court file and the administrative record; the attachments to his motion are copies of unpublished court decisions. *See id*. Exs. A & B [Doc. Nos. 37-1 & 37-2].

Nevertheless, Standard has filed a response in opposition to Plaintiff's Motion, and Carlisle has filed a response in support of it, that discuss the disputed issues. Standard takes the position, for example, that the Incontestability Clause does not apply at all because Mrs. Smith failed to submit EOI and so did not obtain coverage under the policy. *See* Def. Standard's Resp. Br. [Doc. No. 41] at 15, 17-18. Carlisle presents factual materials and arguments that, although supportive of Plaintiff's position, are designed to show that "Carlisle did absolutely nothing wrong." *See* Def. Carlisle's Resp. Br. [Doc. No. 40] at 1, 10. Carlisle also argues alternative reasons apart from the Incontestability Claim why Plaintiff is entitled to relief under ERISA. *Id*. at 15-18. Plaintiff has filed a reply brief addressing Standard's arguments pertinent to Plaintiff's view and focusing on the Incontestability Claim; Plaintiff does not advocate the positions argued by Carlisle. *See* Pl.'s Reply Br. [Doc. No. 45].

While the round of briefing provided by the Scheduling Order is complete, Standard has filed a motion asking the Court either to strike Carlisle's brief and factual materials submitted with it, or to authorize a reply brief for Standard to address new matters raised by Carlisle. This is the second motion listed *supra* (hereafter, "Standard's Motion"). It

has been fully briefed by Carlisle and Standard. *See* Def. Carlisle's Resp. Br. [Doc. No. 46]; Def. Standard's Reply Br. [Doc. No. 49]. Plaintiff has remained silent regarding Defendants' briefing dispute.

Upon consideration, the Court finds that further briefs regarding Plaintiff's Motion are unnecessary to a decision of the Incontestability Claim as presented by Plaintiff and, therefore, Standard's Motion should be denied. The factual matters presented by Carlisle to which Standard objects, and the legal arguments made by Carlisle to which Standard wishes to respond, appear to be immaterial to a decision of Plaintiff's Motion. The Court does not intend to decide any issue not presented by Plaintiff, as the moving party and "the master of the claim." *See Karnes v. Boeing Co.*, 335 F.3d 1189, 1192-93 (10th Cir. 2003); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Any factual matters that are improperly presented can be disregarded by the Court without striking Carlisle's entire brief.

Regarding Standard's request to address Carlisle's arguments, Standard primarily relies on case law holding that a party opposing a motion for summary judgment must have an opportunity to respond to new matter raised in a movant's reply brief. *See Geddes v. United Staffing All. Emp. Med. Plan*, 469 F.3d 919, 928 (10th Cir. 2006); *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005); *Beaird v. Seagate Technology, Inc.*, 145 F.3d 1159, 1164-65 (10th Cir. 1998). Assuming this case law applies here, a district court does not err by precluding a reply brief if the court does not rely on the new materials and arguments in reaching its decision. *See Pippin v. Burlington Res. Oil & Gas*, 440 F.3d

4

1186, 1192 (10th Cir. 2006); *Green*, 420 F.3d at 1196; *Beaird*, 145 F.3d at 1164-65. "Whether to allow supplemental briefing on a newly-raised issue is a 'supervision of litigation' question" within the discretion of the trial court. *See Geddes* , 469 F.3d at 928. Under the circumstances presented, the Court finds no need for further briefing regarding Plaintiff's Motion to adjudicate the Incontestability Claim.

IT IS THEREFORE ORDERED that Defendant Standard Insurance Company's Motion to Strike Documents Outside the Administrative Record, or in the Alternative, for Leave to Respond to Defendant Carlisle Corporation's Response to Plaintiff's Motion for Summary Judgment [Doc. No. 44] is DENIED.

IT IS SO ORDERED this 29th day of September, 2017.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE