IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GREGORY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-1126-D |
| | ) | |
| STANDARD INSURANCE COMPANY, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

The Court has reviewed the briefs filed in response to the Order of December 28, 2018, which directed the parties to state "their positions regarding how best to proceed in light of recent developments regarding Plaintiff's benefit claim." *See* 12/28/18 Order [Doc. No. 81] (hereafter, "Order"). Although the parties' responses are not very helpful, the following information and positions can be gleaned from their respective briefs:

Defendant Standard Insurance Company ("Standard"), which is the administrator of the welfare benefit plan that is the subject of Plaintiff's ERISA claims, states that it "replaced the denial of Plaintiff's [benefit] claim with a decision to pay Plaintiff's claim for the insurance benefit under the amended policy" and its payment was made "as part of the claims process after the policy in question was amended resulting in coverage for Plaintiff's claim as of June 14, 2018." *See* Standard's Br. [Doc. No. 84] at 1. The Court assumes this coverage date is the effective date of the plan amendment.

Standard does not identify any mechanism by which Plaintiff's original benefit claim may have been reopened. Standard does not explain why Plaintiff apparently

received no notice that his claim had been reopened, no written explanation of an amended decision, and no notice of his right of appellate review, as required by ERISA. Standard does not state any intention of curing these omissions. Thus, at this point, the record contains no basis for the Court to determine that Plaintiff's ERISA action has been rendered unripe, as originally appeared to be the case. Apparently, Standard did not reopen the administrative record for Plaintiff's benefit claim or reconsider the prior denial; it simply made a new decision, apparently acting on its own initiative, under a later plan amendment.[1]

Plaintiff devotes much of his brief to addressing matters – such as attorney fees and discovery regarding recovery of attorney fees – that have no bearing on whether a ripe or live controversy exists regarding the merits of his ERISA action. He does confirm, however, that he received no pre-decisional notice of the plan amendment and did not request the reopening of his benefit claim. Plaintiff does not indicate that he asked to amend his claim or submitted a new claim for benefits under the plan amendment. Thus, Plaintiff's submission reinforces the Court's conclusion that it cannot say his pending ERISA action is no longer ripe. Accordingly, the Court reaches a negative answer to the question of "whether the case should be stayed or dismissed while the administrative process is completed" for a new or amended benefit claim. *See* Order at 6.

---

[1] Defendant Carlisle Corporation, the sponsor of the ERISA plan, proposes in its brief that these omissions could be cured. But Carlisle merely speculates that Standard <u>could</u> reopen the record for Plaintiff's benefit claim and <u>could</u> compile or supplement the administrative record, and that Plaintiff <u>could</u> exhaust the internal review process before proceeding with his ERISA claims. *See* Carlisle's Br. [Doc. No. 82] at 1. The Court rejects Carlisle's apparent suggestion that this case should be dismissed in favor of one that does not, and may never, exist.

2

Two other things can be determined from the parties' briefs. First, Standard's decision to deny Plaintiff's original benefit claim remains unchanged. Standard maintains that Plaintiff had no right to payment under the prior ERISA plan but, instead, his claim became payable when the amendment changed a coverage requirement. *See* Standard's Br. at 1. Second, Standard has implicitly acknowledged that a term of the ERISA plan, as set out in the group life insurance policy for which Mrs. Smith purchased coverage, provides for the accrual of interest on a benefit payment.[2] Standard's present brief suggests it calculated the amount of Plaintiff's benefit based on coverage triggered by the amendment as of June 14, 2018. Under Plaintiff's pending ERISA claim, his benefit payment would include interest calculated from a much earlier date under the original policy. Thus, a right to recover interest before June 14, 2018, as claimed by Plaintiff, remains disputed.[3]

The parties' supplemental briefs confirm the correctness of one conclusion reached in the December 28 Order: "Plaintiff's pending ERISA action is based on Standard's denial of a life insurance benefit under the policy in effect when Mrs. Smith died, but Standard has now replaced the denial with a decision to pay Plaintiff's claim for the

---

[2] Standard included interest payments in the checks tendered to Plaintiff when it approved his claim under the policy amendment. *See* Notice [Doc. No. 69]; Standard's Mot. Protective Order [Doc. No. 74] at 3.

[3] Plaintiff argues that he is entitled to prejudgment interest either as a plan benefit under the terms of the insurance policy, which is recoverable under 29 U.S.C. § 1132(a)(1)(B), or as an equitable remedy available under 29 U.S.C. § 1132(a)(3)(B). Regardless of these alternative views, it seems clear that Plaintiff's claimed right to a payment of interest under the terms of the original policy remains unresolved by Standard's recent decision treating coverage as starting years later as of the date of a policy amendment.

3

insurance benefit under the amended policy." *See* Order at 6. It now appears, however, that the replacement was not accomplished through further administrative action pursuant to ERISA. Further, due to different dates of coverage under the parties' competing views and Plaintiff's right to collect interest, there remains an unresolved dispute that affects the amount of Plaintiff's benefit payment. Because Plaintiff claims he was entitled to interest on the benefit amount under the terms of the ERISA plan in effect before the amendment, and that interest remains unpaid despite payment of the principal benefit and a lesser amount of interest after the amendment, his pending ERISA action is not moot. *See Templin v. Indep. Blue Cross*, 487 F. App'x 6, 11-12 (3d Cir. 2012).

Upon examination of the parties' prior briefs regarding the merits of Plaintiff's ERISA claims, the Court finds no discussion of what interest is due on the principal benefit amount if Plaintiff succeeds in establishing coverage under the life insurance policy in effect when Mrs. Smith died or otherwise establishes a right of recovery. Although this issue could arguably be decided through a post-judgment motion, the Court finds under the circumstances – where it is the sole remaining issue (because the principal amount has been paid) and Plaintiff seeks to recover it as a benefit to which he was entitled under the ERISA plan or insurance policy (although he alternatively seeks an equitable award) – the parties should be required to address the issue of prejudgment interest as part of their merits briefing.

IT IS THEREFORE ORDERED that the case shall proceed to a determination of the merits of Plaintiff's ERISA claims based on the existing record and prior briefs, together with supplemental briefs regarding the issue of prejudgment interest due either as

a policy benefit under 29 U.S.C. § 1132(a)(1)(B) or an equitable remedy under 29 U.S.C. § 1132(a)(3). Plaintiff shall file a supplemental brief on this issue within 21 days from the date of this Order. Defendants shall respond within 14 days thereafter. Each party's brief shall not exceed 10 pages in length.

IT IS SO ORDERED this 11th day of February, 2019.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE