IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| GREGORY SMITH, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-1126-D |
| | ) | |
| STANDARD INSURANCE COMPANY, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF DECISION

This matter is before the Court for disposition of Plaintiff's claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, regarding a life insurance payment allegedly due upon the death of his wife, Cheryl Smith. Defendant Standard Insurance Company ("Standard") has filed the administrative record, and the parties have completed an agreed briefing schedule to obtain a determination of Plaintiff's ERISA claims to recover a plan benefit under § 1132(a)(1)(B) and, alternatively, an equitable remedy under § 1132(a)(3). Also, the parties have filed supplemental briefs regarding issues raised by subsequent developments and requested by the Court. The Court will refer to specific filings in its discussion of the dispositive issues.

The dispute concerns an ERISA plan benefit provided by a group life insurance policy issued to Defendant Carlisle Corporation ("Carlisle"), the parent corporation of Mrs. Smith's employer. There is no question that Mrs. Smith was a plan participant covered by the insurance policy or that Plaintiff was her sole beneficiary. Plaintiff timely

received payment of a basic life insurance benefit in an amount equal to two times Mrs. Smith's annual salary. Plaintiff claims entitlement in this case to an additional payment in an amount three times Mrs. Smith's annual salary. The additional payment sought by Plaintiff represents an optional coverage under the policy that Mrs. Smith had elected to receive and had paid additional premiums for, but that Standard later determined she was not entitled to because additional paperwork, known as evidence of insurability or EOI, had not been completed.

In pursuit of this payment, Plaintiff originally proposed, and the parties agreed to, a bifurcation of one issue raised by certain provisions of the insurance policy, namely, the effect of an "Incontestability Clause." Under the parties' Phase One case schedule [Doc. No. 34], the Court previously denied Plaintiff's Motion for Summary Judgment Against Standard Insurance Company on His Second Claim for Relief [Doc. No. 37] based on this clause. The Court's ruling appears in the Order of February 2, 2018 [Doc. No. 51] (hereafter, "February 2018 Order"), and includes a statement of undisputed facts that will not be repeated here. The reader's familiarity with the February 2018 Order is assumed.

In the claim form submitted to Standard following Mrs. Smith's death, Plaintiff sought an "Additional Life" benefit of $132,000. *See* Admin. R. ("AR") at 464. In his pleading, Plaintiff claims the principal amount of the added insurance benefit is $138,000. *See* Pet. [Doc. No. 1-2], ¶ 32.[1] In his merits brief, Plaintiff prays for a judgment in the amount of $136,940.07, without explaining a basis for this amount. *See* Pl.'s Mot. J.

---

[1] Plaintiff also prays for an award of prejudgment interest, discussed *infra*. *See id*. at 17.

Admin. R. [Doc. No. 57] at 1, 30. In supplemental briefing directed by the Court, Plaintiff reverts to claiming that the principal amount is $138,000. *See* Pl.'s Suppl. Br. Pre-J. Interest [Doc. No. 86] at 8. Standard contends a benefit of three times Mrs. Smith's annual earnings, as defined by the policy, yields the principal sum of $132,000. *See* Standard's Suppl. Br. [Doc. No. 88] at 2-3. For reasons that will become clear, the Court begins by determining the correct amount of the additional benefit, if any, provided by the policy.[2]

In addition to the basic coverage benefit provided by her employer (of two times her "Annual Earnings"), Mrs. Smith elected additional life coverage under the ERISA plan and Standard's insurance policy of "three times [her] Annual Earnings" with the amount "rounded to the next higher multiple of $1,000." *See* AR 30-31, 94-95, 195, 445, 461. "Annual Earnings" was defined as an employee's "base annual rate of earnings from [the] Employer" on the last day of active work, and expressly excluded bonuses, commissions, overtime pay, awards, stock options, employer contributions to a deferred compensation or pension plan, and "[a]ny other extra compensation." AR 58-59, 122-23. Mrs. Smith died September 23, 2014, and Plaintiff submitted a claim form on October 14, 2014.

---

[2] In their merits briefing, the parties disagree on the proper standard of review under ERISA. Plaintiff advocates for *de novo* review of Standard's claim decision, for reasons different from those asserted in Phase One. *See* Pl.'s Mot. at 4, 6-7. Standard persuasively argues that it is entitled to deferential review of an administrator's discretionary decision. *See* Standard's Resp. Br. [Doc. No. 61] at 12-14. Plaintiff devotes the majority of his reply brief to this issue. *See* Pl.'s Reply Br. [Doc. No. 65] at 2-7. Because the same result follows under either standard, the Court finds no need to decide this issue.

During the claim process, Standard was informed that Mrs. Smith's base annual rate of earnings was $43,935.84. AR 71-72, 78, 445. On November 12, 2014, Standard paid Plaintiff the basic life insurance benefit for Mrs. Smith's coverage in the principal amount of $88,000, which equals two times her annual earnings of $43,935.84 rounded to the next higher multiple of $1,000, as provided by the policy. AR 30, 72-73, 94, 194-95, 356-57, 443-46. Further, during the administrative appeal process, Plaintiff attested to the fact that Mrs. Smith's "annual salary was approximately $44,000." AR 190.

If Standard had determined that Mrs. Smith was also entitled to the additional life insurance coverage at issue, Plaintiff would have received a payment in the principal amount of $132,000, or three times her annual earnings of 43,935.84 rounded to the next higher multiple of $1,000. AR 194-95, 358, 445, 464. Plaintiff presents no facts or argument in his briefs that would support a different amount of additional life insurance coverage. Therefore, the Court finds that this case concerns an ERISA claim for life insurance benefits in the principal amount of $132,000.

While Plaintiff's claim was pending before the Court for a decision on the merits, Carlisle negotiated an amendment to the group life insurance policy, and Standard issued an endorsement effective June 14, 2018, that retroactively affected coverage for certain categories of employees, including Mrs. Smith. *See* Standard's Notice [Doc. No. 69]; *see also* Carlisle's Mot. Protective Order, Ex. 1, Roberson Decl. [Doc. No. 72-1]; Pl.'s Resp. Br. Defs.' Mots. Protective Order, Ex. 1 [Doc. No. 76-1]; AR 358 (Mrs. Smith was Class 4 employee). The endorsement made Plaintiff's claim for additional life insurance

coverage payable, and on September 11, 2018, Standard issued an additional check to Plaintiff in the amount of $135,218.16, which represented a principal benefit payment of $132,000 plus interest in the amount of $3,218.16. *See* Standard's Notice; Standard's Mot. Protective Order [Doc. No. 74] at 3. Plaintiff presents evidence to show, and Standard does not dispute, that this interest payment was calculated at a rate of 10% per annum accruing from the effective date of the endorsement to the date of payment. *See* Dunham Decl. [Doc. No. 86-2] ¶¶ 6-7;[3] Standard's Suppl. Br. at 3 & n.2.

As a result of subsequent discussions with Plaintiff's counsel, Standard made another payment to Plaintiff in the amount of $6,205.50, which represented additional principal of $6,000 plus 10% interest from June 14, 2018, to the date of payment. *See* Dunham Decl. ¶ 8; Standard's Suppl. Br. at 3 n.2; *see also* Standard's Mot. Protective Order at 3 (second check was issued after "Plaintiff's counsel complained that the benefit amount was insufficient" and represented "the amount of $6,000.00 plus interest in the amount of $205.50"). Standard does not agree that Plaintiff was entitled to the second payment, but it relies on the total amount of its payments to Plaintiff ($141,423.66) to argue that his ERISA claim has been paid and is fully satisfied. *See* Standard's Suppl. Br. at 3-4; *see also* Standard's Mot. Protective Order at 3. Defendants assert that this action has become moot and the Court lacks subject matter jurisdiction because there is no longer a

---

[3] Curiously, the declaration submitted by Plaintiff's counsel repeatedly uses a different spelling of his surname – in the title, throughout the body, and in the verification. *See* "Dunam" Decl. [Doc. No. 58-2]. However, the declarant identifies himself as Plaintiff's attorney and relates email correspondence and a telephone conversation with Standard's attorney. Thus, the Court assumes the misspelling is a clerical error, and cites the declaration using a correct spelling.

live case or controversy. *See* Carlisle's Notice [Doc. No. 73]; *see also* Carlisle's Mot. Protective Order [Doc. No. 72] at 3-5; Standard's Mot. Protective Order at 3, 4-5.

When Defendants first raised the issue of mootness, the Court found that it lacked sufficient information to resolve the issue, questioned whether there might be an issue of ripeness that would warrant a stay of the case, and directed the parties to file supplemental briefs. *See* 12/28/18 Order [Doc. No. 81] (hereafter, "December 2018 Order") at 6-7. The Court noted that "[i]f Plaintiff was entitled to interest on the benefit amount under the terms of the insurance policy or plan, then his ERISA claim may not be moot." *Id*. at 6 n.9 (citing *Templin v. Indep. Blue Cross*, 487 F. App'x 6, 11 (3d Cir. 2012) ("Dismissal of the [ERISA] claims as moot without considering the plaintiffs' entitlement to interest was error.")). The information provided in the parties' briefs filed pursuant to the December 2018 Order persuaded the Court that there was no ripeness issue but there was an unresolved issue of Plaintiff's right to recover interest on the additional insurance benefit. *See* 2/11/19 Order [Doc. No. 85] at 2, 3-4.[4] In view of the limited scope of the unresolved dispute, the Court directed the parties to file supplemental briefs addressing the issue of prejudgment interest allegedly due either as part of Plaintiff's claim of entitlement to a plan benefit under § 1132(a)(1)(B) or as an equitable remedy available under § 1132(a)(3).

---

[4] Standard's inclusion of interest in calculating Plaintiff's benefit payment suggested that Plaintiff's right to the additional life coverage carried with it a right to accrued interest. *See id*. at 3, n.2. Plaintiff took the position that he was entitled to payment under the original policy with interest accruing from the date of his benefit claim, and that Standard had not satisfied this part of his claim by paying interest accruing only after the date of the amendment. *See id*. at 3, n.3.

6

Upon consideration of the parties' briefs regarding interest, the Court comes full circle to the issue of mootness, which is a jurisdictional prerequisite to a merits decision. *See* Dec. 2018 Order at 3 (citing *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1122 (10th Cir. 2010)). "'In deciding whether a case is moot, the crucial question is whether granting a present determination of the issues offered will have some effect in the real world. When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot.'" *Id*. at 4 (quoting *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010)) (internal quotation omitted).

In this case, Plaintiff disputes Defendants' claim of mootness based on his right under ERISA to recover prejudgment interest allegedly due as a result of Standard's delay in payment of the principal amount of the additional life coverage.[5] Plaintiff's ERISA action is based on Standard's denial of a life insurance benefit under the policy in effect when Mrs. Smith died; Standard paid Plaintiff's claim for the benefit only after the policy was amended three years later. But Plaintiff's brief regarding prejudgment interest makes unequivocally clear that he seeks an award only as a matter of equitable relief available at the Court's discretion, even though interest is presumptively available. *See* Pl.'s Suppl.

---

[5] Plaintiff also previously argued that the action is not moot because he claims a right to recover attorney fees. The Court rejected this argument in the December 2018 Order. *See id*. at 4, n.5 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990), and *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010)); *see also Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175-76 (1989) ("prejudgment interest is an element of plaintiff's complete compensation" but a request for attorney fees raises issues collateral to the main cause of action and is "wholly separate from the decision on the merits") (internal quotations omitted).

Br. Pre-J. Interest at 5. Plaintiff expressly disavows any claim for "legal" prejudgment interest as an ERISA benefit under § 1132(a)(1)(B), that is, interest payable according to the terms of the insurance policy. *See id.* at 3-4.[6] He instead "seeks prejudgment interest pursuant to the Court's inherent authority to fashion a remedy appropriate to the specific facts and circumstances of this case." *Id.* at 5. Plaintiff requests an award of interest accruing from the date that Standard denied the claim, February 26, 2015, until the date of payment, September 11, 2018. *Id.* at 7-8.[7]

Accepting Plaintiff's theory of his case, the Court finds that the fact Standard included interest in its benefit payment and the method Standard used to calculate an amount of interest are immaterial to a determination of the prejudgment interest that Plaintiff should receive in this case, except to the extent these facts may bear on the Court's determination of an equitable award.[8] Similarly, the rate of interest prescribed by

---

[6] "Plaintiff neither seeks relief nor asks this Court to calculate prejudgment interest pursuant to this language," referring to the group life insurance policy's provisions regarding payment of proceeds. *Id.* at 5. Notably, these provisions specify the rate of interest for a payment made under the policy to be "a rate equal to the 13-week Treasury Bill (T-bill) auction rate but not to exceed 5%." *Id.* at 4 (citing AR 55-56). In February 2015, this rate hovered around 0.02%, which is a small fraction of the rate provided by an insurance statute, discussed *infra*, that Plaintiff proposes as an appropriate rate, and a 0.02% rate would yield an amount of interest that has been fully satisfied by Standard's payments to Plaintiff.

[7] Plaintiff states the end date is September 21, 2018, "the date of Standard's second tender." *Id.* But the principal amount due Plaintiff was fully paid by the first check that was tendered on September 11, 2018. *See* Dunham Decl. ¶ 6.

[8] The Court notes, but does not reach, Standard's argument that Plaintiff cannot disclaim the "legal" interest he would be entitled to receive as a benefit payment in order to seek a higher rate of interest under an equitable theory. *See* Standard's Suppl. Br. at 4. Standard relies on *Varity v. Howe*, 516 U.S. 489, 515 (1996), and other cases to argue that an equitable remedy is not available where ERISA provides an adequate statutory remedy. *Id.* at 4-5. This argument is

Oklahoma insurance law or used in other ERISA cases cited by Plaintiff is only persuasive to the extent these rates are consistent with the Court's determination of an equitable award under the circumstances of this case. An award of prejudgment interest is a matter solely within the Court's exercise of discretion to determine reasonable compensation of Plaintiff due to a delay in payment. *See Weber v. GE Grp. Life Assur. Co.*, 541 F.3d 1002, 1016 (10th Cir. 2008); *Allison v. Bank One–Denver*, 289 F.3d 1223, 1243 (10th Cir. 2002).

Upon consideration of the facts and circumstances presented, the Court finds that, should Plaintiff prevail on his claim for additional life coverage under the pre-amendment policy, he should receive an award of prejudgment interest accruing from the date on which his claim for the additional life insurance benefit was denied (February 26, 2015) until the date on which the benefit was actually paid (September 11, 2018), a period of 1292 days. The Court further finds a suitable rate of interest, which represents fair compensation for Plaintiff's loss of use of the benefit amount during this time period, is two per cent (2%) per annum. Finally, the calculation should be made using only simple interest, without compounding.[9]

---

well-founded under ERISA case law. *See*, *e..g.*, *Silva v. Metropolitan Life Ins. Co.*, 762 F.3d 711, 728 (8th Cir. 2014) (if district court finds for plaintiff on § 1132(a)(1)(B) claim, "then the court need not reach his claim under the equitable catchall provision of § 1132(a)(3), as the former subsection has already provided [plaintiff] with 'adequate relief'").

[9] Even under the statutory authority advocated by Plaintiff, a simple interest method of computation is used. *See McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989) (ordering remand for calculation of § 3629(B) award as follows: "Fifteen percent simple interest per year will be assessed on the $165,000.00 judgment.").

In determining a reasonable rate of interest, the Court first rejects as unreasonably high the 15-percent statutory rate provided by Oklahoma insurance law, Okla. Stat. tit. 36, § 3629(B), and advocated by Plaintiff. Under economic conditions at the relevant time, 15 percent represents an excessive rate that would overcompensate Plaintiff and yield a punitive award, contrary to ERISA's prohibition against punitive damages. *See Weber*, 541 F.3d at 1016; *Allison*, 289 F.3d at 1243; *see also Caldwell v. Life Ins. Co.*, 287 F.3d 1276, 1287 (10th Cir. 2002) (ERISA prejudgment interest claim accrues when claimant was entitled to receive plan benefit). On the other hand, the Court also rejects the statutory rate for federal post-judgment interest and the rate provided by the group life insurance policy (*see supra* note 6), both of which were unreasonably low in February 2015 when interest would have begun to accrue. Instead, the Court has looked to United States Treasury securities, which represent a low-risk investment, and has considered historical rates during the period of time that Plaintiff's benefit claim went unpaid. In the Court's judgment, after considering all relevant circumstances, a 2% rate represents a reasonable middle ground between the 15% rate sought by Plaintiff and the 0.02% rate provided by the policy. *See Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 618-19 (6th Cir. 1998) (district court acted within its discretion in rejecting state statutory rate as excessive and using flat rate generally based on average 52-week T-bill rate for relevant time period).

Applying the Court's findings concerning a reasonable method of determining prejudgment interest on Plaintiff's ERISA claim for the additional life insurance benefit, the amount of interest to be awarded if Plaintiff were to prevail on his original claim under

the policy is $9,345.04.[10] The sum Plaintiff has already been paid ($141,423.66) exceeds the principal amount he was entitled to receive ($132,000.00) by $9,423.66. Therefore, the Court finds that it has become impossible to grant Plaintiff any effective relief, that a live controversy has ceased to exist, and that this ERISA action is moot.

For these reasons, the Court finds that it lacks constitutional authority to proceed further in this case.

IT IS THEREFORE ORDERED that a judgment of dismissal shall be entered, dismissing this case without prejudice for lack of jurisdiction.[11]

IT IS SO ORDERED this 18th day of October, 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[10] Simple interest at a rate of 2% per year on the principal sum of $132,000 yields interest of $2,640 per year or $7.233 per day, which multiplied by 1292 days equals $9,345.04.

[11] Because the Court lacks jurisdiction, the dismissal must be without prejudice to refiling, even if refiling would be futile. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims") (emphasis in original).