# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-1126-D |
| | ) |
| STANDARD LIFE INSURANCE | ) |
| COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **O R D E R**

Currently before the Court is Plaintiff's Motion to Vacate Protective Order and Engage in Discovery [Doc. No. 91]. Although no procedural rule is cited, Plaintiff seeks relief from a prior order granting motions for protective orders filed by Defendants pursuant to Fed. R. Civ. P. 26(c)(1), "without prejudice to any future deposition notice warranted by the circumstances." *See* 12/28/18 Order [Doc. No. 81] at 7. Plaintiff asserts that under the current circumstances – where a judgment has been entered and he has filed a motion for an award of attorney fees under Fed. R. Civ. P. 54(b) – he should be permitted to conduct discovery similar to what he previously attempted by deposition notices issued pursuant to Fed. R. Civ. P. 30(b)(6) in October 2018. *See* Pl.'s Superseding Notice Corporate Dep. Carlisle Corp. [Doc. No. 70]; Pl.'s Notice Corporate Dep. Standard Ins. Co. [Doc. No. 71]. Plaintiff seeks to inquire into the facts surrounding an amendment of the group life insurance policy governing his ERISA claims, which caused Defendant Standard Life Insurance Company ("Standard") to issue a benefit payment during the

pendency of this case. Plaintiff asserts that he now needs this information to prove he should recover attorney fees under 29 U.S.C. § 1132(g)(1) and *Hardt v. Reliance Standard Life Insurance Co.*, 560 U.S. 242 (2010).

Defendants have responded in opposition to the Motion, which is fully briefed. *See* Carlisle Corp.'s Resp. Br. [Doc. No. 95]; Standard's Resp. Br. [Doc. No. 99]; Pl's Reply Brs. [Doc. Nos. 98, 100]. Neither defendant disputes that the information Plaintiff seeks is relevant to his pending fee claim. They instead argue that a declaration previously submitted by Defendant Carlisle Corporation ("Carlisle") "give[s] Plaintiff all that he needs," referring to the Declaration of Michael Robertson [Doc. No. 72-1]. *See* Carlisle's Resp. Br. at 1; *see also* Standard's Resp. Br. at 2 ("Plaintiff has already obtained the information he purportedly seeks"). The Court disagrees. Mr. Robertson's conclusory declaration leaves many questions unanswered, and does not rule out the possibility that this lawsuit was a catalyst for Defendants' amendment of the group policy, as argued by Plaintiff. *See* Pl.'s Mot. Att'y Fees [Doc. No. 92] at 2-3. Further, the Court finds no basis to deny Plaintiff's request to conduct discovery relevant to his fee claim, as authorized by Fed. R. Civ. P. 26(b)(1).

It is unclear from Plaintiff's Motion and briefs, however, precisely what discovery he proposes to conduct. Defendants previously sought protection from Plaintiff's Rule 30(b)(6) notices on several grounds, and in their current briefs, both characterize

Plaintiff's proposed discovery as oppressive.[1] The Court finds in these arguments no basis to deny Plaintiff the discovery he seeks, but the Court agrees that any discovery should be "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1).

Upon examination of Plaintiff's prior deposition notices, the Court finds that they included overly broad requests for information and documents. The Court also notes that the parties previously disagreed about the location of the depositions, specifically, whether Defendants' corporate representatives should be required to come to Oklahoma. In his current briefs, however, Plaintiff expresses a willingness to compromise, for example, "to consider remote depositions (Skype, FaceTime or a host of other options offered by well[-]equipped court reporters)." *See* Reply Br. to Carlisle's Resp. at 6. Plaintiff also suggests some discovery might be avoided by a joint stipulation of facts. *See* Reply Br. to Standard's Resp. at 2. The Court would encourage the parties to explore these possibilities. The Court would also encourage Plaintiff's counsel to consider carefully what information he needs to support the pending fee motion and to issue deposition notices tailored to meet that need. Further, before seeking judicial assistance in resolving any disagreements regarding further discovery, counsel are reminded of the informal conference requirement of LCvR37.1.

---

[1] Standard also purports to adopt its prior arguments in support of a protective order. *See* Standard's Resp. Br. at 2. Carlisle goes further and asserts that if Plaintiff is allowed to proceed with discovery, "he should be compelled to do so at his own expense" and "should be required to pay for the time and expense of its employees and attorneys." *See* Carlisle's Resp. Br. at 2. Carlisle cites no authority for this proposition, and the Court is aware of none.

Subject to these conditions, the Court finds that Plaintiff should be permitted to issue new Rule 30(b)(6) notices for depositions of Defendants regarding the insurance policy amendment.

IT IS THEREFORE ORDERED that Plaintiff's Motion Vacate Protective Order and Engage in Discovery [Doc. No. 91] is GRANTED, as set forth herein.

IT IS FURTHER ORDERED that all discovery related to Plaintiff's Motion to Tax Attorney's Fees [Doc. No. 92] shall be completed within 45 days from the date of this Order. Plaintiff may file a supplemental brief in support of his Motion within 21 days after the close of discovery, and Defendants may respond to any supplemental filing within 21 days thereafter. Unless otherwise ordered, no further briefs are authorized.

IT IS SO ORDERED this 6th day of December, 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge